# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BENITEZ-TORRES, | ) Case No.: 1:19-cv-01597-SKO (HC) |
| Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) |
| S. YOUNG, | ) FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) |
| | ) [30-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. He filed the instant federal petition on November 8, 2019, challenging his sentence. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow him to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

## BACKGROUND

On April 5, 2002, Petitioner was sentenced in the United States District Court for the Southern District of Texas to an aggregate prison term of 312 months after having been found guilty of transporting an undocumented alien (8 U.S.C. § 1324(a)(1)(A)(ii)), illegal re-entry following deportation (8 U.S.C. § 1326(a)), and attempted murder of a U.S. Border Patrol agent (18 U.S.C. §§

1

1113, 1114). United States v. Benitez-Torres, 2018 WL 6839675, *1 (S.D. Tex. 2018).[1] Petitioner appealed and the Fifth Circuit Court of Appeal affirmed judgment. Id. In April of 2005, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Id. The sentencing court dismissed the motion as time-barred and meritless. Id. Petitioner appealed to the Fifth Circuit Court of Appeal, and the appeal was denied. Id. Petitioner petitioned for writ of certiorari to the Supreme Court, but the Supreme Court denied certiorari on October 10, 2007. Id. Petitioner filed a second § 2255 motion to vacate his sentence as well as a Rule 60(b) motion for reconsideration on June 6, 2018. Id. The § 2255 motion was dismissed as an unauthorized second or successive motion, and the Rule 60(b) motion was dismissed for failure to state a cognizable claim. Id. On October 22, 2018, Petitioner filed a third motion to vacate pursuant to § 2255. Id. The motion was dismissed as an unauthorized successive motion on December 31, 2018. Id.

On November 8, 2019, Petitioner filed the instant habeas petition challenging his sentence. He claims he is actually innocent of his sentence because the sentencing court erroneously determined he had a prior felony conviction.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[2] The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). The Court will screen the instant petition pursuant to its authority under Rule 4.

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

[2] The Rules Governing Section 2254 Cases may be applied to habeas corpus petitions other than those filed pursuant to § 2254, such as the instant § 2241 petition. See Rule 1(b), Rules Governing Section 2254 Cases.

2

B.     Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim

3

of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Southern District of Texas. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Southern District of Texas, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends that the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he has had an unobstructed procedural opportunity to present his claim, and he does not present a claim of actual innocence.

First, Petitioner has had multiple opportunities to present his claim to the sentencing court. He filed an appeal of the conviction and sentence, three § 2255 motions, a Rule 60(b) motion, and appeals of their denials to the appellate court and Supreme Court. The factual and legal bases for his claim, that his prior conviction was not a felony, were known to Petitioner or could have been discovered by him prior to sentencing. Petitioner contends he should be excused for his failure to present his claim sooner because he did not learn English until recently, and he was not fully aware of the facts at the time due to mistranslations. His contentions are not persuasive.

Any difficulties Petitioner experienced by his language barrier did not appear to hamper him in any way in his prior attempts at seeking relief. As noted above, Petitioner made numerous attempts in seeking relief, and his filings were well-pled. Petitioner also made several complex challenges to his sentence on various other grounds. For example, in his appeal of his conviction, he argued, *inter alia*, that his sentence was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Benitez, 73 Fed.Appx. 78, *3 (5th Cir. 2003). In his first § 2255 motion, he challenged his sentence under Apprendi, 530 U.S. 466; Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005). Benitez-Torres, 2006 WL 335616, *4. In that proceeding, Respondent argued that the motion was untimely. Id. In response, Petitioner sought equitable tolling and provided a "detailed explanation as to why his motion [wa]s untimely." Id. at *5. He stated:

> . . . the Bureau of Prisons prevented him from receiving his "legal papers" while incarcerated. He explains that he was placed in "S.H.U." at FCI Beaumont, Texas on July 16, 2004 and that the BOP lost his legal papers while he was in that placement. He was then transferred to USP Pollock on October 25, 2004, and again was unable to obtain his legal papers there. He claims that on January 2, 2005, he was transferred to USP Lewisburg and was finally returned to the general population on January 10, 2005. He claims that his family attempted to obtain and provide some of his legal papers to him, but that the BOP twice refused to accept them and sent them back. He claims that he was finally able to obtain the papers on March 25, 2005, and that he filed his motion shortly thereafter on April 8, 2005.

Benitez-Torres, 2006 WL 335616, at *5.

Absent from his detailed explanation is any assertion that he was prevented from timely complying due to a language barrier, nor is there any indication of such. Thus, Petitioner has not shown that he was precluded from presenting his claim in his appeal and prior § 2255 motion, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claim.

Petitioner has also failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens v. Herrera, 464 Fed.3d 895, 898 (9th Cir. 2006). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

Here, Petitioner makes no claim of being factually innocent of the underlying convictions. He instead takes issue with the sentence imposed, in particular, the enhanced sentence he received for his prior offense. In Marrero v. Ives, the Ninth Circuit noted that the circuit courts are in general accord that a petitioner may not assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). The Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the

Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1193. The Ninth Circuit reasoned that such a claim was "purely a legal claim that has nothing to do with factual innocence." Id. In this case, Petitioner is asserting the purely legal claim that his prior conviction for illegal entry was not a qualifying prior. Relief under § 2241 is therefore foreclosed.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 18, 2019**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE